NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-727

WENDY R. WILLIAMS

vs.

CONWAY HOMER, P.C., & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a legal malpractice action in the Superior Court.  The plaintiff, Wendy R. Williams, appeals from the order denying her postjudgment motion for leave to file a second amended complaint against the defendants, Conway Homer, P.C., and Meredith Daniels (together, Conway Homer).  On appeal, Williams argues that the judge (1) erred by failing to apply the doctrine of equitable tolling, and (2) abused his discretion in allowing Conway Homer's motion to extend the deadline to respond to William's motion to amend.  We affirm.

Background.  The following facts are not disputed. Williams hired Conway Homer in 2012 to pursue her claims that

---

[1] Meredith Daniels.

she suffered personal injuries due to a series of vaccinations. She terminated the relationship with Conway Homer in October of 2018 based on her determination that Conway Homer had negligently failed to file her lawsuit within the applicable statute of limitations. More than five years later, on December 27, 2023, Williams filed this action in the Superior Court alleging legal malpractice, violations of G. L. c. 93A, and negligent infliction of emotional distress; she filed an amended complaint on January 17, 2024 (first amended complaint), in which she added a claim for defamation of character.

On May 16, 2024, Conway Homer responded to the first amended complaint by moving to dismiss all claims as time barred. See G. L. c. 260, § 4 ("Actions of . . . tort for malpractice, . . . against attorneys . . . shall be commenced only within three years next after the cause of action accrues"). Williams opposed dismissal, claiming that the doctrine of equitable estoppel applied to toll the statute of limitations. After a hearing on September 12, 2024, a judge (first judge) allowed Conway Homer's motion, and a judgment of dismissal entered on September 17, 2024. In a written order, the first judge found that Williams knew of Conway Homer's alleged misconduct on October 22, 2018, at the latest, and thus, because Williams filed the present lawsuit over five years later, in December of 2023, the first judge ruled that her

2

claims were time barred. The first judge rejected Williams's argument that the statute of limitations should be equitably tolled because of health issues that "deprived her of 'mental, physical and emotional bandwidth' to timely file" the complaint.

On October 18, 2024, Williams filed a motion for leave to file a second amended complaint pursuant to Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974).[2] In the motion, Williams asserted that she had "recalled new evidence related to [her] claims" that was "relevant to the Court's furtherance of justice regarding the doctrine of equitable tolling." The proposed second amended complaint, which was attached to the motion, detailed events including changes in Williams's health starting in December of 2019 which she alleged prevented her from bringing her claims. A second judge denied the motion without prejudice to refile in compliance with Rules 9A and 9C of the Rules of the Superior Court (2024) (rules 9A and 9C). On November 20, 2024, Williams refiled her motion and Conway Homer requested, by emergency motion and without following rule 9A, six additional days beyond the time standards to oppose Williams's motion. Conway Homer's motion was allowed.

Following a hearing on December 17, 2024, the second judge denied Williams's motion to amend, noting that despite its

---

[2] Williams did not seek review of the allowance of the motion to dismiss or the judgment of dismissal.

3

title, in substance, the motion Williams had filed was a "motion to reconsider the ruling of the [first judge] dismissing the action." Assessing the motion as such, the second judge determined that Williams had failed to demonstrate her entitlement to equitable tolling and denied the motion.[3] On January 8, 2025, Williams filed a notice of appeal from the denial of her motion for leave to file a second amended complaint.

Discussion. 1. Ruling on Williams's motion to file second amended complaint. It is a "long-standing principle that judges have the flexibility to decide a motion based on its substance, rather than its title." Care & Protection of Rashida, 488 Mass. 217, 233 (2021), S.C., 489 Mass. 128 (2022). Because the new material in Williams's proposed second amended complaint focused solely on the previously advanced argument of equitable tolling, we discern no abuse of discretion in the second judge's decision to analyze Williams's motion to file a second amended complaint as a motion for reconsideration of the first judge's ruling on Conway Homer's motion to dismiss Williams's complaint.

---

[3] Further, the judge concluded that Williams's proposed second amended complaint was futile as a matter of law and noted that even had he evaluated her motion as it was captioned -- i.e., as a request to amend her complaint -- he would have denied it.

4

We are likewise satisfied that the judge acted within his discretion when he denied Williams's motion to reconsider. See Peterson v. Hopson, 306 Mass. 597, 603 (1940) ("A judge should hesitate to undo his own work. Still more should he hesitate to undo the work of another judge" [citation omitted]). A cause of action for legal malpractice accrues when the plaintiff knows or reasonably should know that she has sustained appreciable harm because of a defendant's conduct. See Williams v. Ely, 423 Mass. 467, 473 (1996). Here, it is undisputed that Williams's claim for legal malpractice accrued no later than October 22, 2018. The statute of limitations for negligence actions is three years, and thus, Williams was required to file her complaint no later than October 22, 2021. See G. L. c. 260, § 4. Williams filed her complaint on December 27, 2023, more than two years later, and thus, unless saved by the application of equitable tolling, the complaint was time barred.[4]

In her proposed second amended complaint, Williams claimed that equitable tolling applied because she was hospitalized from

[4] The Supreme Judicial Court tolled all civil statutes of limitations from March 17, 2020, through June 30, 2020, due to the COVID-19 pandemic. See Second Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144, par. 12 (May 26, 2020). See also Third Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144, par. 13 (June 24, 2020). These orders, however, provide Williams with, at most, 106 additional days to complete her filing, or, until February 5, 2022.

5

December 19, to 25, 2019, and thereafter, self-isolated in her home, preventing her from filing the lawsuit. Williams further alleged that, starting during this period, she began to suffer from "deep depression, despair and paranoia." She did not, however, demonstrate to the second judge's satisfaction that her medical and mental health conditions rendered her "[un]able to engage in rational thought or deliberate decision making sufficient to pursue [her] claim alone or through counsel." Nunnally v. MacCausland, 996 F.2d 1, 5 (1st Cir. 1993). The second judge found that notwithstanding these new allegations and Williams's opportunity to argue the motion at a hearing, Williams failed to explain (1) why she did not seek accommodations for her house-bound status to initiate the lawsuit, and (2) why she did not hire an attorney to file the suit for her, and thus failed to show that equitable tolling applied here. After careful review of the record before us, we discern no abuse of discretion nor error of law in the second judge's decision. The motion was properly denied.

2. Conway Homer's motion for enlargement of time under rule 9A. Lastly, Williams argues that the judge abused his discretion in allowing Conway Homer's motion to extend the rule 9A deadline to respond to Williams's motion for leave to amend her complaint. See Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000). Williams advances no legal argument

6

or case law in support of her argument, and thus, it does not reach the level of appellate argument.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  We do not consider it.[5]

> Order denying motion for
>     leave to file second
>     amended complaint affirmed.
>
> By the Court (Henry, Hand &
>     Allen, JJ.[6]),

Clerk

Entered:  July 14, 2026.

---

[5] Even if we did consider it, we would discern no abuse of discretion as the motion that Conway Homer filed required resolution before the time limits set forth in rule 9A.  In any event, Williams's motion for leave to amend remained futile because the statute of limitations had run.

[6] The panelists are listed in order of seniority.

7